**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DARYL IMARI DILLIHAY, | : | |
| | : | Civil Action No. 07-4370 (RBK) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ATLANTIC COUNTY GOVERNMENT, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Daryl Imari Dillihay, Pro Se
#153563
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**KUGLER**, District Judge

Plaintiff Daryl Imari Dillihay, confined at the Atlantic County Justice Facility, Mays Landing, New Jersey, seeks to bring this civil rights action in forma pauperis, pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint must be dismissed, without prejudice.

## BACKGROUND

Plaintiff states that on June 5, 2007, he was asleep with his girlfriend when police knocked on the door and presented an arrest warrant. Plaintiff told the officer that he was not the person named on the warrant. After a seemingly short conversation regarding the name on the warrant, the officer kicked down the door and "proceeded to assault" Plaintiff while placing him under arrest. Plaintiff's girlfriend was also placed under arrest and allegedly assaulted. Then, officers spotted "what appeared to be a clipped small marijuana cigarette about an inch long." Plaintiff told the officers that it did not belong to him. Officers then lifted a cushion on the couch and found a "very small amount of marijuana." Plaintiff states that the officer "did this before obtaining a valid warrant to search the premises, as the officers only had body warrants for child support and nothing more."

Plaintiff states that he was assaulted for not giving consent to search, and that he and his girlfriend were taken to the Atlantic County Justice Facility for processing. He later learned that weapons, marijuana, and "aftermarket CD's" were found on the premises where he was arrested.

Plaintiff alleges that he was wrongfully arrested, unlawfully incarcerated, and assaulted in the course of arrest. He seeks to sue the following defendants: Atlantic County Government, Atlantic County Municipality, Atlantic County Sheriff's Department, Atlantic City Police Department, Atlantic County Justice Facility, and Galloway Township Municipality. He asks for an order granting his immediate release from custody.

## DISCUSSION

### A.  Standard of Review

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view

them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. See Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with

4

prejudice, but must permit the amendment.  See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B.     Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.     Plaintiff Does Not Name Proper Defendants**

Here, Plaintiff seeks to sue municipalities, the county Sheriff's Office, the police department, and the jail facility. He does not name any individual defendants.

However, local government units are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Moreover, to establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make

6

policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253, 269 n.16 (3d Cir.), cert. denied, 516 U.S. 915 (1995), and quoted in Woodwind Estates, Ltd. v. Gretkowski, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. Monell, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

<u>Natale</u>, 318 F.3d at 584 (footnote and citations omitted).

Here, Plaintiff alleges no facts that would suggest that the municipal and government defendants were the moving force behind any of the events described in the text of the complaint. While a plaintiff need not plead facts so long as the complaint meets the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, <u>see</u> <u>Alston v. Parker</u>, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, <u>see</u> <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying <u>Alston</u>).  <u>See also</u> <u>In re Tower Air, Inc.</u>, 416 F.3d 229, 236-38 (3d Cir. 2005) (a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests).  <u>See also</u> <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (June 4, 2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" (internal citations omitted)).  As this complaint alleges no facts suggesting a basis for municipal liability, it fails to meet the notice pleading requirements of Rule 8 with respect to the claims against the Atlantic County Government, Atlantic County Municipality, Atlantic County Sheriff's Department, Atlantic County Police Department, and

Galloway Township Municipality.[1]  Accordingly, all claims against these defendants will be dismissed without prejudice.

### D. False Arrest/False Imprisonment Claims

Plaintiff alleges facts indicating that he was falsely arrested and is wrongly imprisoned.

It is well-established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983.  See Walmsley v. Philadelphia, 872 F.2d 546 (3d

---

[1] Plaintiff's claims against the Atlantic County Justice Facility must be dismissed, as a jail is not a proper defendant in a § 1983 action.  See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

Further, Plaintiff's claims against the Police and Sheriff's Department must be dismissed as they are not local government units that can be sued under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  This Court will construe any claims against these defendants as against the local government unit, i.e., Atlantic County.  See DeBellis v. Kulp, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001)(collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity."). See also Hafer v. Melo, 502 U.S. 21, 25 (1991) (§ 1983 suit against governmental officer in official-capacity represents another way of pleading an action against the entity of which officer is an agent); Brandon v. Holt, 469 U.S. 464 (1985) (treating § 1983 action that was brought against city's director of police department as action against the city where city had notice); Bonenberger v. Plymouth Township, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983 liability).

9

Cir. 1989)(citing cases); see also Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  Ramirez v. United States, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting Fleming v. United Postal Service, Inc., 604 A.2d 657, 680 (N.J. Law Div. 1992)).

    To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  See Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed."  Lind v. Schmid, 67 N.J. 255, 262 (1975).  "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense."  Gerstein

10

v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  Indeed, the United States Supreme Court recently noted that, "False arrest and false imprisonment overlap; the former is a species of the latter." Wallace v. Kato, 127 S. Ct. 1091, 1095 (2007).

Here, Plaintiff alleges no facts suggesting that the defendants named in this action were in any way responsible for his detention prior to the time he became held pursuant to legal process.  Plaintiff has not named any individual defendants.

Further, Plaintiff admits that he was arrested by defendants, pursuant to a warrant, and then the search of the premises occurred.[2]  Plaintiff also admits that marijuana was

---

[2] This Court notes that it is well-established that police may conduct searches incident to an arrest, as established in Chimel v. California, 395 U.S. 752 (1969), in which the United States Supreme Court held:

> When an arrest is made, it is reasonable for the arresting officer to search the person arrested in order to remove any weapons that the latter might seek to use in order to resist arrest or effect his escape.

11

found in the immediate vicinity, and that "body warrants for child support" were involved in the arrests. Plaintiff disputes the procedures used to issue the warrants under state law, stating that he was not the person named in the warrants. It is also apparent from facts alleged in the complaint that Plaintiff is involved in ongoing state criminal proceedings.

To the extent that Plaintiff is asserting that the factual basis for the arrest warrant is untrue or the arrest warrant violates state law or his federal rights under the Fourth Amendment, he must first raise these claims in his ongoing state criminal proceedings. A federal court will not now intercede to consider issues that Plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971). It is not generally the role of the federal courts to interfere in

---

> Otherwise, the officer's safety might well be endangered, and the arrest itself frustrated. In addition, it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary items must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'–construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.

Chimel, 395 U.S. at 762-63.

pending state criminal cases.  The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before <u>Younger</u> abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

<u>Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dept.</u>, 973 F.2d 169, 173 (3d Cir. 1992) (citing <u>Schall v. Joyce</u>, 885 F.2d 101, 106 (3d Cir.1989)).  In this case, it is clear that state proceedings implicating important state interests are ongoing, and that Plaintiff has an opportunity to raise his claims in a hearing during that proceeding.  Therefore, because it appears that Plaintiff has not yet been convicted, this Court is constrained by <u>Younger</u> to dismiss these claims, without prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3]

E.   **Plaintiff's Request for Release**

---

[3] Plaintiff also alleges that he was "assaulted" by police.  However, Plaintiff alleges nothing more than that.  Therefore, to the extent Plaintiff is seeking damages for excessive force in the course of an arrest, his claim will be dismissed, without prejudice, for failure to satisfy the pleading requirement.  Plaintiff may revisit this claim in an amended complaint, if he chooses to file a motion to reopen.

Plaintiff asks this Court to issue an order for his "immediate release" from custody due to the alleged constitutional violations. However, in a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In this case, Plaintiff is challenging the fact of his physical imprisonment and asks the Court to order his release from custody. Thus, Plaintiff's federal remedy lies in a writ of habeas corpus, after exhaustion of his claims in the state court.

**F.   State Law Claims**

To the extent Plaintiff asserts state law claims in this action, the claims will be dismissed.  Pursuant to 28 U.S.C. § 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over a related state law claim.  The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will dismiss any state law claims, without prejudice.

## CONCLUSION

For the reasons set forth above, all claims are subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[4]  However, because it

---

[4]   The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his complaint, he may

is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies with respect to certain claims, the Court will grant Plaintiff leave to move to reopen and file an amended complaint.[5]  An appropriate order follows.

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge

Dated: January 9, 2008

---

file a motion to reopen these claims in accordance with the court rules.

    [5]  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  See id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  See id.